UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES DEAN WILKS,

        Plaintiff,

    v.

KING COUNTY, *et al.*,

        Defendants.

CASE NO. C07-1720 RSM

ORDER DENYING DEFENDANTS' MOTION TO STAY, GRANTING DEFENDANTS' MOTION TO CONTINUE TRIAL, AND STRIKING RULE 39.1 DEADLINE

This matter comes before the Court on "Defendants' Motion for Relief From Rule 39.1 Deadline, to Stay Proceedings Pending Plaintiff's Related Criminal Proceedings, and, Alternatively, for Continuance of Trial Date" (Dkt. #41). This is a civil rights action brought under 42 U.S.C. § 1983 by Plaintiff, a prisoner proceeding pro se and in forma pauperis. Plaintiff originally named King County and fourteen individual defendants in his complaint, however, his claims have been dismissed as to King County and eleven of the individuals. (Dkt. #34). The remaining claims are that defendants, Sergeant Stowers, Sergeant Owens, and Acting Sergeant Louis, used excessive force when they allegedly pepper-sprayed Plaintiff on or about August 27, 2007 while Plaintiff was incarcerated. Plaintiff is the defendant in two pending criminal cases in King County Superior Court where he is charged with numerous counts of felony harassment and intimidating a judge, one count of making threats to bomb or

ORDER
PAGE - 1

damage property, and other charges. (Dkt. #41-2). According to the charging documents in those criminal proceedings, much of the charged conduct occurred during the time period between August 23, 2007 through September 21, 2007. (*Id.*). Sergeant Stowers, one of the three remaining defendants in this case, is a victim and witness in regard to one of the felony harassment charges pending against Plaintiff in King County. King County Cause No. 08-1-00841-6 SEA. Trials in the state criminal cases have been continued and are now set for April 5, 2010 and April 6, 2010. Trial in this proceeding is currently scheduled for April 5, 2010.

Defendants request that this case be stayed pending the resolution of the primary state proceeding, King County Cause No. 08-1-00841-6 SEA, under the *Younger* doctrine. *See Younger v. Harris* 401 U.S. 37 (1971). In the alternative, they request that the trial be continued so that it does not conflict with the state criminal proceedings. Additionally, Defendants request relief from Local Rule CR 39.1 requirements regarding mediation. Although Defendants' counsel stated in her declaration that she served Plaintiff with a copy of this motion, Plaintiff did not file a response.

## I. *YOUNGER* ABSTENTION

In *Younger v. Harris*, the plaintiff sued in federal court to enjoin a state criminal prosecution on the ground that the state law providing the basis for his prosecution was unconstitutional. The Supreme Court held that the federal district court could not grant injunctive relief because principles of comity and respect for state functions should prevent it from "unduly interfere[ing] with the legitimate activities of the States." *Id.* at 43-45; *see also Gilbertson v. Albright*, 381 F.3d 965, 970 (2004) (en banc) (summarizing the history of the *Younger* doctrine). So long as there is an adequate opportunity to present the constitutional challenge in the state proceedings, the district court should abstain in order to allow the state to address the constitutionality of its owns statutes.

In *Samuels v. Mackell*, the Court extended the doctrine to prevent federal courts from granting a declaratory judgment that a state law underlying a state criminal prosecution is unconstitutional, while that prosecution is pending. 401 U.S. 66 (1971). The Court reasoned

that a declaratory judgment was practically no different than an injunction because "ordinarily a declaratory judgment will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid." *Id.* at 72. Through a later series of Supreme Court cases, the *Younger* doctrine was extended to interruptions of state *civil* proceedings that "implicate important state interests," meaning the proceeding is quasi-criminal or necessary for the vindication of important state policies. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

The Ninth Circuit, sitting en banc, has held that *Younger* principles can apply to damages actions, including suits under § 1983. In *Gilbertson v. Albright*, Oregon's State Board of Examiners for Engineering and Land Surveying initiated disciplinary proceedings against a surveyor. The surveyor brought a § 1983 action for damages in federal court while the disciplinary proceedings were ongoing, alleging that the Board retaliated against him for exercising his First Amendment rights, violated his due process rights, and denied him equal protection. *Id.* at 982. The court held that the constitutional issues raised in the federal complaint "go to the heart of [the federal plaintiff's] opposition to the Board's action in the state proceeding, such that a federal court's decision on the merits of [the] claims would have the same practical effect on the state proceeding as an injunction." *Id.* When damages are at issue, however, the district court should stay rather than dismiss the federal action so that the federal plaintiff retains an opportunity to seek compensation in the forum of his choice. *Id.* at 984.

As this history makes clear, the touchstone of the *Younger* doctrine is restraint from interference with ongoing state criminal proceedings. Here, however, Defendants have not indicated how this § 1983 suit stemming from the alleged use of excessive force could interfere with the criminal proceedings in King County. Defendants only contend that some of the charges in King County "relate to [Plaintiff's] incarceration" and that one of the defendants in this case is a victim in one of the charged state crimes. (Dkt. #41 at 2). Nowhere do Defendants claim that the state court proceedings concern the same events or matters as these proceedings, the alleged pepper-spraying of Plaintiff. Nor do Defendants

claim that a decision by this Court on the merits of this case would have any effect on the state proceedings. Without any explanation of how this § 1983 suit could interfere with the ongoing state criminal proceedings, this Court cannot grant a stay.

At the same time, this Court cannot say for certain that this federal proceeding will not interfere with the state criminal proceedings; it says only that Defendants have made an insufficient showing thus far. Accordingly, the motion to stay based on the *Younger* doctrine is DENIED without prejudice.

## II. CONTINUANCE OF TRIAL DATE

In the alternative, Defendants request that the trial date in this case be postponed because it conflicts with the state criminal trials. This request is GRANTED. The jury trial in this matter will be set for June 1, 2010. The Clerk will issue a scheduling order reflecting this change and setting the deadlines for motions in limine and other pretrial matters in relation to the new trial date.

## III. RULE 39.1

Defendants also seek relief from any requirements under Local Rule CR 39.1 to consider alternative dispute resolution. Rule 39.1(a)(4) states, "Unless otherwise ordered by the court in a specific case, this rule applies to all civil actions in this court, . . ., except prisoner petitions, . . . ." Contrary to Defendants' belief, the Court was not "otherwise order[ing]" that Rule 39.1 apply to this prisoner case when it included a Rule 39.1 mediation deadline in its form scheduling order. Rule 39.1 does not apply to this case because it is a prisoner petition.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion (Dkt. #41) is GRANTED IN PART AND DENIED IN PART.

ORDER
PAGE - 4

(2) Defendants' Request for a stay under *Younger* is DENIED without prejudice.

(3) The trial date will be continued to June 1, 2010. The clerk will issue a new scheduling order reflecting the change.

(4) Rule 39.1 does not apply to this case since it is a prisoner petition.

(5) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 25th day of February, 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5